The Chief Justice
delivered the opinion of the court:
The question is, whether gaming, as defined and punished by the second section of the Act of Congress against gaming (22 Statutes at Targe, p. 412), is to be regarded as one of the petty crimes not embraced by the provision of the Constitution relating to trial by jury as held by the Supreme Court of the United States in the case of Callan vs. Wilson, 127 U. S., p. 557. The act against gaming provides that on conviction of the defendant he may be punished by imprisonment for not more than one year and by fine not exceeding five hundred-dollars. Surely it cannot be contended that gaming as thus defined and punished is a petty offense. It is not at all material that this definition and punishment has been provided since the adoption of the Constitution. The rule fixed in the Constitution was for all time, and applies to crimes, misdemeanors and offenses created by Congress, as well as those existing at the time of the adoption of the Constitution. The record shows that Herzog waived a trial by jury, and this it is claimed estops him from now asserting that his conviction was illegal because not by a jury. In In re Day it was determined upon the authority of Callan vs. Wilson, that it was ' no answer to the point made, to say that a person tried without a jury in the Police Court had the riglit to appeal to the Supreme Court of the District, where he could be tried by a jury, because his right under the Constitution was to be tried by a jury in the first instance. 'Now, it seems to us that this substantially settles the question of the effect of waiving a jury trial. The Police Court could not grant a trial by jury because it had no power under the law to impannel a jury. The court was, therefore, not so constructed as to give the defendant a legal trial. The defendant had no choice between having and not having a jury, which he should have had before his waiver. He should have had that before he *432 could be bound by his waiver, and under such circumstances, the waiver of a jury must be held a nullity.
The demurrer to the plea is overruled, the plea sustained, and the defendant discharged.